Affirmed and Majority and Concurring Opinions filed September 27, 2007








Affirmed and Majority and Concurring Opinions filed September
27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00764-CR

____________

 

CHRISTOPHER LEE KENNY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183RD
District Court

Harris County, Texas

Trial Court Cause No. 1077292

 



 

C O N C U R R I N
G   O P I N I O N

I disagree with
the Majority Opinion=s conclusion that the evidence was legally
insufficient to prove an intent to prevent liberation by secretion because the
victim=s own residence
could not be, or was not, a place where she was not likely to be found.








As relevant to
this issue, the abduction element of kidnaping means to restrain a person with
the intent to prevent his liberation by secreting or holding him in a place
where he is not likely to be found.  See Tex. Pen. Code Ann. ' 20.01(2)(A)
(Vernon Supp. 2006), ' 20.03(a) (Vernon 2003).  Importantly, the
secreting or holding of the victim in a place where she is not likely to be
found is solely part of the intent element, not the conduct element.  See
Brimage v. State, 918 S.W.2d 466, 475-76 (Tex. Crim. App. 1994). 
Therefore, it is not necessary for the State to prove that a restraint is accomplished
by secreting or holding the victim in such a place, but only that a restraint
occurred, and the defendant evidenced an intent to prevent liberation in that
manner.  Mason v. State, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995); Brimage,
918 S.W.2d at 476.  Rather, when a defendant keeps a person isolated with an
intent to prevent the victim=s liberation by anyone who might be
capable of helping the victim, abduction is proven, and Athe claim that the
person was not held in a place where the person was not likely to be found is
of no importance.@  Wilson v. State, 863 S.W.2d 59,
66 (Tex. Crim. App. 1993).

In this case, the
evidence showed that appellant forced the complainant into his pickup truck,
bound her, and took her to their home where he restrained and assaulted her. 
This evidence is sufficient to prove appellant=s intent to
prevent the complainant=s liberation by anyone capable of helping
her, regardless of the location.  See, e.g., People v. Pasch, 604 N.E.2d 294 (Ill. 1992)(noting that a person can
be secretly confined as effectively in her own home as in a remote and isolated
location).  The Majority=s interpretation that someone can be
kidnaped in his own home only with an intent to use deadly force, and not an
intent to secret, is not indicated by the statutory language or case law and
produces an absurd result.  Therefore, I would overrule appellant=s challenge to the
sufficiency of the evidence to prove a restraint with intent to prevent
liberation by secreting or holding the complainant in a place where she was not
likely to be found.

 

 

/s/      Richard H. Edelman

Senior Justice

 

Judgment rendered
and Majority and Concurring Opinions filed September 27, 2007.

Panel consists of
Justices Yates, Seymore, and Edelman.*
(Yates, J., majority)

Publish C Tex.
R. App. P. 47.2(b).









*           Senior
Justice Richard H. Edelman, sitting by assignment.